**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7580**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRAIL LAMONT JENNINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:18-cr-00034-REP-RCY-1; 3:20-cv-00002-REP-RCY)

Submitted: March 16, 2023                                    Decided: April 6, 2023

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Terrail Lamont Jennings, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrail Lamont Jennings seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 21, 2021. Jennings filed the notice of appeal on October 18, 2021.[*] Because Jennings failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] This court received Jennings' notice of appeal on October 20, 2021. The notice was undated, but the envelope containing it had a prison date stamp of October 18, 2021. For the purpose of this appeal, we assume that the date appearing on the envelope is the earliest date Jennings could have delivered the notice to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).